UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHIMSHON WEXLER individually and on
behalf of a class,

                                         Docket No. 10cv328
                                           (LTS) (MHD)

                 Plaintiffs,

    v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

                 Defendant.
--------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S CROSS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**THE COHEN LAW OFFICE, P.C.**
*Attorney for Plaintiff*
**300 E. 42nd Street, 10th Floor**
**New York, New York 10017**
**Telephone: (212)-537-6860**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.....…………………………………………1

INTRODUCTION………………………………………………………..2

FED. R. CIV. P. 56
STANDARD…………………………………….…………………………..3

LEGAL ARGUMENT

      I.  THE MONEY SOUGHT TO BE COLLECTED BY

      ALLIANCEONE IS DEFINED AS A "DEBT" BY THE FDCPA…...4

      II.  THE COLLECTION LETTER SENT BY ALLIANCEONE

      VIOLATES SECTION 1692(E)(10) BECAUSE IT IS FALSE,

      DECEPTIVE, OR MISLEADING…………………………………..…8

      III.  THE VALIDATION NOTICE IS OVERSHADOWED OR

      INCONSISTENT WITH OTHER LANGUAGE IN THE LETTER

      REQUESTING IMMEDIATE PAYMENT…………………………..11

CONCLUSION………………………………………………………………13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHIMSHON WEXLER individually and on
behalf of a class,

Docket No. 10cv328
(LTS) (MHD)

Plaintiffs,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

Defendant.
--------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S CROSS
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Shimshon Wexler, by his attorneys, The Cohen Law Office P.C.,

herewith respectfully submits this memorandum of law in opposition to

defendant's motion to dismiss, and in support of his cross motion for summary

judgment.

**PRELIMINARY STATEMENT**

Shimshon Wexler brings this action on behalf of a class under the Fair

Debt Collection Practices Act ("FDCPA") to secure redress from the illegal

collection practices which defendant AllianceOne Receivables Management, Inc.

("AllianceOne") has engaged in. AllianceOne has moved to dismiss this claim

under an entirely inapplicable narrow exception to the general rule which dictates

1

that the FDCPA covers all consumer debt. AllianceOne also moves to dismiss this claim by distorting plaintiff's complaint, and based on such distortion, claims that plaintiff has not alleged a cause of action. Plaintiff requests that the Court treat this cross motion as one for summary judgment.

## INTRODUCTION

Plaintiff was sent a collection letter dated November 2nd, 2009, seeking to collect a balance owed on his personal EZ Pass account. A copy of the letter is attached to the complaint as Exhibit A. The balance consisted of three distinct parts.

> (i) toll fees of $33.25
> (ii) transponder fee of $21.00
> (iii) an administrative fee of $25.00

These balances arose from a contract that plaintiff entered into with EZ Pass. Under these circumstances, the debt which AllianceOne attempted to collect clearly falls under the FDCPA's definition of "debt." Defendant cites to a non-controlling decision in the District Court of California, for the proposition that plaintiff's debt is not covered by the FDCPA. As will be discussed, contrary to Defendant's assertions, that case is in line with our position.

The FDCPA violations which plaintiff has dealt with in his complaint are all meritorious. First, in the second paragraph of the collection letter, it states

> "The New Jersey State police routinely monitor roadways and have the technology to identify license plates associated with accounts that have excessive unpaid tolls and fees associated with them. In the event that your vehicle is pulled over, you face the possibility of having it impounded."

2

The least sophisticated consumer will interpret this to mean that police use technology to monitor vehicles which owe money to EZ Pass and may pull them over solely for that reason and impound their vehicle. This is not true as defendant implicitly admits in their motion to dismiss. Further, since there is no legitimate possiblity of the car being impounded for a minor overdue EZ Pass balance, that portion of the letter is highly deceptive.

Second, the sentence "All contacts and payments are to be made through this office to ensure proper posting and credit reporting" is in violation of the FDCPA because there is no credit reporting being done.

Lastly, demanding immediate payment is inconsistent or overshadows the notice AllianceOne provided informing the consumer that he has 30 days to dispute the debt whereby if the debt is disputed, the consumer would not need to make payment until the debt is verified. The letter therefore violates Section 1692(g)(b).

## Fed. R. Civ. P. 56 Standard

There are no genuine, material questions of fact in this case. Therefore, plaintiff requests that the court treat this cross motion as one for Summary Judgment. Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding a summary judgment motion, the court must view the evidence in the light most

3

favorable to the non-moving party and decide only whether there is any genuine issue to be tried. Eastman Mach. Co. v. United States, 841 F.2d 469, 473 (2d Cir. 1988). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, there is sufficient evidence favoring the non-movant such that a reasonable jury could return a verdict in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The burden of establishing that no genuine factual dispute exists rests on the party seeking summary judgment. Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994). This burden "may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

In the case at bar there are no disputed issues of material fact.  The collection letter, drafted by defendant and received by plaintiff, speaks for itself, and neither party is contesting the other's version of the underlying events.

**LEGAL ARGUMENT**

**I.**

**THE MONEY SOUGHT TO BE
COLLECTED BY ALLIANCEONE IS
DEFINED AS "DEBT" BY THE FDCPA**

The FDCPA defines "debt" as:

> "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced

4

to judgment."

The Court in <u>Romea v. Heiberger & Assocs.</u>, 163 F.3d 111 (2nd Cir 1998), specifically held that the FDCPA includes no requirement that a debt be grounded on an extant contractual arrangement. The defendant puts forth the exact opposite stating boldly "obligations to pay that do not arise from consensual transactions are not within the ambit of the FDCPA."

Further, contrary to defendant's argument, this debt <u>did</u> arise from a consensual transaction. In <u>Romea</u>, the Court determined that back rent is defined as "debt" by the FDCPA and rejected defendant's argument that back rent is not a "debt." The Court likened back rent to bounced checks which are also held to be debt as defined by the FDCPA. Bounced checks and back rent arise not from an extension of credit, but rather from a <u>breach of contract</u> and are thus clearly called debt. **Plaintiff had a contract with EZ Pass and subsequently breached the contract. The money due is therefore unequivocally "debt" as defined by the FDCPA.**

In <u>Bass v. Stolper, Koritzinsky, Brewster, & Neider, S.C</u>., 111 F.3d 1322, 1327 (7th Cir. 1997), the Court discusses legislative history of how the word "debt" should be defined and states that it is so inclusive as to even include debt arising from non credit transactions, holding "as long as the transaction creates an obligation to pay, a debt is created." Accordingly, since plaintiff entered into a contract with EZ Pass, and subsequently breached said contract creating an obligation to pay, this transaction is clearly a "debt."

Moreover, in <u>Hansen v. Ticket Track, Inc.</u>, 280 F Supp. 1196. (W.D. Wash., 2003), the Court emphasized the fact that defendant appeared to have always treated plaintiff's obligation as contractual in nature. The collection letter in <u>Hansen</u>, stated that it was from a debt collector, attempting to collect a debt. The Court reasoned:

> "if Ticket Track considered the acts of Plaintiff to be akin to theft, there would be no 'debt' to be collected; instead, damages would be claimed....defendant should not be able to change its basis for its original claims mid-stream."

The reasoning in the <u>Hansen</u> case applies with compelling force to our case. AllianceOne's notice says "this communication is from a debt collector. This is an attempt to collect a debt." The notice also gives the FDCPA's required statutory notices. The letter speaks of a delinquent account. "Your NJ EZ Pass **account** has been reported past due." (emphasis added.) Accordingly, AllianceOne should not now be able to change position mid-stream by arguing that it was not a debt collector and not collecting a "debt", for purposes of avoiding liability for unlawful collection practices.

The <u>Yazo v Law Enforcement Systems Inc</u>. 2008 WL 4852965 (C.D. Cal., 2008) is the linchpin of defendant's argument. This case does not support defendant's position. In <u>Yazo</u>, the plaintiff drove on a toll highway and incurred fines as a result of not paying tolls. In our case, plaintiff entered into a contract with EZ Pass and breached the contract by not paying EZ Pass, making it no different than any other "debt" covered by the FDCPA that arose from a contractual

6

agreement.

**In fact, EZ Pass allows its customers to continue to use EZ Pass facilities with a <u>negative balance</u> for up to 60 days.**   See Exhibit A attached to complaint.   Defendant asserts, on P.8 of their motion to dismiss, that "Plaintiff's failure to pay for his use of the toll roads is analagous to theft and consequently not a consensual transaction." In light of the fact that EZ Pass permits drivers to continue to use their facilities even with a negative balance, it is clear that our case is contractual in nature, and is akin to an extension of credit by EZ Pass to plaintiff. The toll fees are therefore a consensual transaction falling directly within the confines of the FDCPA's definition of "debt."

Lastly, as <u>Yazo</u> makes clear, the entire amount due is not supposed to be lumped into one category. Even, arguendo, if the toll fees in this case were not considered "debt" under the FDCPA, a contention plaintiff sincerely denies, plaintiff is still entitled to summary judgment because the amount that plaintiff owed arose from <u>three distinct items</u>: the toll fees in the amount of $33.25, a transponder fee in the amount of $21.00, and an administrative fee in the amount of $25.00.

Even if the Court disagrees with our reasoning respecting the toll portion of the fees, it is beyond reasonable debate that the transponder fee is a debt as defined by the FDCPA. EZ Pass provides a transponder for use at its toll facilities. By failing to return the transponder in good condition, plaintiff incurred a $21.00 fee. This transaction falls under the classic definition of a debt as defined by the FDCPA.

The administrative fee is similar to an overdraft protection fee. Plaintiff incurred a $25.00 administrative fee because he did not comply with the terms of his contractual agreement with EZ Pass. The administrative fee is also clearly considered a debt as defined by the FDCPA.

In sum, plaintiff's contractual debt to EZ Pass which consisted of three distinct items, is defined as "debt" by the FDCPA.

## II.

### THE COLLECTION LETTER SENT BY ALLIANCEONE VIOLATES SECTION 1692(e)(10) BECAUSE IT IS FALSE, DECEPTIVE, OR MISLEADING

Defendant is correct that (i) the FDCPA is judged from the perspective of the least sophisticated consumer and (ii) that a collection notice is deceptive if it can reasonably be read to have two or more different meanings, one of which is inaccurate. However, defendant is wrong in its analysis of the facts of this case.

### A.   THE NJ STATE POLICE IMPOUND PORTION OF THE LETTER

The relevant portion of the letter states:  "The New Jersey State Police routinely monitor roadways and have the technology to identify license plates associated with accounts that have excessive unpaid tolls and fees associated with them. In the event your vehicle is pulled over, you face the possibility of having it impounded."

The complaint alleges that a reasonable reading of the two sentences together causes the reader to be deceived. The sentences read together imply that police use technology to monitor moving vehicles which owe money to EZ Pass,

8

and solely for owing money to EZ Pass, the police may pull over the vehicle and impound it. This is a false statement that the FDCPA prohibits under section 1692(a)(10). Defendant misconstrues the complaint and responds to a straw man argument by contending that defendant did not violate the FDCPA because it was simply making plaintiff aware of the fact that police have the authority to impound vehicles registered under the name of a driver with EZ Pass debt.

Further, the sentence, "In the event your vehicle is pulled over you face the possibility of having it impounded", in and of itself, is highly deceptive to an average consumer (and all the more so to the least sophisticated consumer), because there is no reasonable possibility that if a vehicle is pulled over for a minor overdue EZ Pass balance, it will face impoundment.

B.   **THE ENSURE PROPER CREDIT REPORTING PORTION OF THE LETTER**

The next violation in the complaint is in the sentence "All contacts and payments are to be made through this office to <u>ensure proper</u> posting and <u>credit reporting</u>."

In <u>Fainbrun v. Southwest Credit Systems</u> 246 FRD 128 (E.D.N.Y. 2008), the Court decided that the sentence in a collection letter "late payments, missed payments, or other defaults may be reflected on your credit report" was violative of Section 1692(e)(10). The Court decided that defendant violated the statute since, at the time the letter was sent defendant did not do any credit reporting.

In our case, the simple meaning of the sentence is that payment should

9

be made to ensure proper credit reporting. Defendant inaccurately says the "language in this letter can only be read to have one straightforward meaning; the debtor should streamline all communications to AllianceOne to ensure the proper handling of the <u>account</u>." (emphasis added). Despite defendant's contentions, the language of the letter does not speak of the proper handling of the account. The language speaks of two separate items; (i) proper posting and (ii) proper credit reporting.

Defendant's argument that AllianceOne did not violate 1692(a)(10) because "nowhere does the letter state that AllianceOne **will** report plaintiff's debt", is a red herring. (emphasis added.) In fact, plaintiff contends that it was an entirely different deception that caused AllianceOne to violate Section 1692(a)(10). The language "to ensure proper....credit reporting" makes it seem as if there **is** credit reporting associated with this EZ Pass account, and there is none.

In addition, defendant's reliance on <u>Sebrow v. ER Solutions, Inc</u>. 2009 WL 136026 (E.D.N.Y. 2009) is distinguishable from our case, because in <u>Sebrow</u>, the debt collector merely informed the debtor that it *may* report delinquent accounts to credit bureaus, which was within its legal right to do. In our case, AllianceOne made an **affirmative misrepresentation that payments should be directed to their office in order to have proper credit reporting**, when there was no credit reporting; a clear and indisputable falsehood. This is far different than a statement from a debt collector informing the debtor of the debt collector's rights. Accordingly, the sentence "All contacts and payments are to be made through this

10

office to ensure proper....credit reporting", as a matter of law, violates the FDCPA.

### III.

**THE VALIDATION NOTICE IS OVERSHADOWED
OR INCONSISTENT WITH OTHER LANGUAGE IN
THE LETTER REQUESTING IMMEDIATE PAYMENT**

The FDCPA Section 1692(g)(a)(4) requires debt collectors to provide "a statement that if the consumer notifies the debt collector within the thirty-day period that the debt…. is disputed, the debt collector will obtain verification…." Section 1692(g)(b) specifically states that "any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's rights to dispute the debt…."  In our case, AllianceOne properly gave plaintiff the right to dispute the debt during the 30 day period, but that statement was overshadowed or inconsistent by language within the very same letter by stating "Your NJ EZ Pass account has now been placed with AllianceOne for immediate collection efforts." (emphasis added.)

As illustrated in Jenkins v. Union Corp. 999 F. Supp. 1120 (N.D. Ill. 1998), a collection letter with the statement that one's account has "been assigned to our agency for immediate collection" is violative of the FDCPA because the least sophisticated consumer is likely to understand "immediate collection" as an effort to extract immediate payment, despite having a 30 day forebearance upon disputing the debt. Likewise, the letter in our case is violative of the statute as the least

11

sophisticated consumer is likely to understand "immediate collection efforts" as an effort to extract immediate payment, even though the consumer has 30 days to challenge the validity of the debt. The confusion is compounded by the sentence "It is <u>imperative</u> that these past due fees are paid to avoid incremental penalties or fees" when the incremental penalties or fees do not kick in until after thirty days. (emphasis added.)

The letter reads as if AllianceOne is requesting immediate payment. After informing the consumer that the account is now with AllianceOne for immediate collection efforts, one sentence later the letter instructs "If remitting *payment*…" and then a sentence later "All contacts and *payments*…." Since the letter reads as AllianceOne trying to extract immediate payment from the consumer, the letter is inconsistent with the consumer's right to request verification of the debt within 30 days.

The <u>Jacobson v. Healthcare Financial Services, Inc</u>., 516 F.3d 85 (2d Cir. 2008) case cited by defendant for the proposition that "a request for immediate payment, standing alone, does not violate the FDCPA" simply does not stand for that proposition

In <u>Jacobson</u>, the Court explains that a request for immediate payment along with the required statement giving the consumer a right to dispute the debt within 30 days, may not violate the FDCPA if there is clear "transitional language."; that is, language that essentially makes clear that even though the debt collector is

12

requesting immediate payment, a consumer has the right to dispute the debt within

30 days. Indeed, in <u>Savino v. Computer Credit Inc</u>., 164 F.3d 81 (2d Cir. 1998), the

Court went further and provided examples of "transitional language" designed to

call attention to a validation notice, which would still allow a debt collector to

demand immediate payment while complying with the Act. In our case, there is no

such transitional language to explain how a consumer must pay immediately, while

also having the right to dispute the debt within 30 days. Therefore, this letter is in

violation of Section 1692(g)(b).

## CONCLUSION

The defendant's motion to dismiss should be denied in its entirety and

plaintiff should be granted summary judgment on all of his claims because:

* The EZ Pass balance consisting of three distinct items arising from

plaintiff's contractual agreement with EZ Pass is "debt" as defined by the FDCPA.

* AllianceOne's letter to plaintiff is false, deceptive or misleading

because it contains material lies and falsehoods. This is especially true in light of

the fact that the FDCPA has a least sophisticated consumer standard.

* To the least sophisticated consumer, demanding immediate payment is

inconsistent with allowing the consumer to request verification of the debt within

30 days, absent any clear "transitional language."

For the reasons set forth above, plaintiff Shimshon Wexler respectfully

requests that the Court enter: (a) an order denying defendant's motion to dismiss

13

in its entirety; and (b) an order granting plaintiff's cross motion for summary judgment and awarding (i) statutory damages; (ii) attorney's fees, litigation expenses and costs of suit; (iii) Such other and further relief that the court deems proper.

Dated:  New York, New York
        March 11th,  2010

                                        Respectfully Submitted,


                                        /s/ *Aaron Cohen*_____
                                        AARON COHEN (AC0613)
                                        THE COHEN LAW OFFICE, P.C.
                                        Attorney for Plaintiff
                                        300 E. 42nd Street, 10th Floor
                                        New York, New York 10017
                                        Telephone: (212)-537-6860
                                        acohen@cohenlawpc.net


TO:  Abrams Gorelick, Friedman & Jacobson, P.C.
      Barry Jacobs, Esq.
      Attorneys for Defendant
      One Battery Park Plaza – 4th Floor
      New York, New York 10004
      (212)-422-1200