UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHIMSHON WEXLER individually and on
behalf of a class,

                                        Docket No. 10cv328
                                        (LTS) (MHD)

        Plaintiffs,

  v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

        Defendant.
--------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPORT OF
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**


THE COHEN LAW OFFICE, P.C.
*Attorney for Plaintiff*
300 E. 42nd Street, 10th Floor
New York, New York 10017
Telephone: (212)-537-6860

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT.....…………………………………………………1

ARGUMENT……………………...…………………………………………………..2

    I.  PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

        IS NOT PREMATURE………...…………………………………...……..2

    II.  THE MONEY SOUGHT TO BE COLLECTED BY ALLIANCEONE

        IS DEFINED AS "DEBT" BY THE FDCPA…………………...……….3

    III.  THE LETTER VIOLATES THE FDCPA IN THREE INSTANCES

       BECAUSE IT IS  FALSE, DECEPTIVE, OR MISLEADING AND

       "OVERSHADOWS" THE REQUIRED VALIDATON  NOTICE..……….6

      A.  FIRST VIOLATION:  THE POLICE MONITORING PORTION OF

         LETTER………………………………………………………….…..7

      B.  SECOND VIOLATION:  THE CREDIT REPORTING PORTION OF

LETTER………………………………………………………….………7

      C.  THIRD VIOLATION: THE IMMEDIATE COLLECTION EFFORTS

        - OVERSHADOWING PORTION OF LETTER……..….........……….9

CONCLUSION……………………………………………………………………10

**PRELIMINARY STATEMENT**

Plaintiff received a letter from AllianceOne attempting to collect a debt. See Exhibit "A" attached to complaint. The letter contained multiple false/deceptive statements, and also failed to provide FDCPA's required disclosure in a meaningful way, thus violating the FDCPA in three separate instances. The Court **need only find that AllianceOne violated any *one* of the three violations for Plaintiff to be entitled to summary judgment.**

After conceding in their motion to dismiss that the underlying debt of toll fees is a consensual transaction absent theft, AllianceOne now takes a completely different position contending that since the tolls are mandated or imposed by New Jersey law, it is not a consensual transaction. Defendant would like this Court to essentially eradicate the entire FDCPA. The fact that a statute mandates that tolls must be paid does not make it fall outside the confines of the FDCPA. Indeed, statutes exist in every state mandating that **all goods and services** must be paid for! (e.g. larceny statutes) – Does that mean that the FDCPA shall never apply?  Of course not. What AllianceOne consistently fails to address is the go-between, namely, E-Z Pass.  Plaintiff entered into a contract with E-ZPass which provided a transponder allowing plaintiff to use the toll booths with an arrangement for deferred payment. In order to pay for the tolls incurred, a credit card was attached to the E-Zpass account which would replenish the balance on a monthly basis. The credit card was subsequently cancelled and therefore the E-ZPass balance was not paid.

Simply put, if an individual were to walk into Bloomingdale's and take a shirt without paying for it, that is clearly not within the FDCPA and AllianceOne would be correct. However, if the same individual walks into Bloomingdale's, swipes a credit card, and then subsequently does not pay the credit card bill, non-payment of the credit card bill is clearly "debt" as per the

1

FDCPA. If the facts were that Plaintiff simply drove through the E-Zpass lane with no transponder, then AllianceOne's argument with respect to the toll portion of the debt would have merit.[1] But that is not what happened here.

## ARGUMENT

### I. Plaintiff's Motion for Summary Judgment is Not Premature

Summary judgment is appropriate where there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a) in its present form, allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action. This rule specifically changed the prior rule, which permitted a plaintiff to move for summary judgment only after a formal answer to the complaint was filed. See "Notes of Advisory Committee on Rules" to Rule 56. Plaintiff's motion is therefore timely. GE Group Life Assur. Co. v. Turner, 2009 U.S. Dist. LEXIS 3971 (W.D. Pa., Jan. 20, 2009)

The legal and factual elements of this case center around the contents of a letter. The letter says what it says. AllianceOne has failed to specify nor allege <u>any</u> information it might obtain through discovery that would help it defend itself. Instead, AllianceOne argues generally that summary judgment is not appropriate here because it's too "early." AllianceOne does not, and can not, point to a single piece of information that discovery might yield.

AllianceOne's reliance on Dubai Islamic Bank v. Citibank, N.A., 126 F.Supp.2d 659, 665 (S.D.N.Y. 2000) is unavailing. In Dubai, plaintiff successfully opposed summary judgment by submitting a proper Rule 56 (f) affidavit. The Dubai court explained what constitutes a sufficient affidavit citing clear Second Circuit precedent. The Second Circuit has established a four-part

---

[1] As enumerated in Plaintiff's cross motion, the debt consisted of three separate parts: The toll fee itself, a transponder fee, and an administrative fee. Regardless of how the Court treats the toll fee itself, the transponder and administrative fees are surely debt as will be fully illustrated.

2

test for the sufficiency of a Rule 56(f) affidavit. It must must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful. Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994).  In stark contrast to our case, **AllianceOne has submitted no affidavit and alleges nothing more than a bald assertion that it needs discovery**. In Granger v. Gill Abstract Corp., 566 F. Supp. 2d 323, 328 (S.D.N.Y. 2008) (another case relied upon by AllianceOne), summary judgment was partially denied because it was a **fact-intensive** copyright case. Further, the Court in Granger, *did* grant partial summary judgment before discovery was complete and before a single deposition had been taken.  The Court did not explain why a portion of the motion for summary judgment was denied, but clearly it was because there were a host of factual issues requiring clarification. AllianceOne cherry picked one sentence of the opinion when the decision was discussing the procedural posture of the case and used it to support its position that summary judgment can never be granted before discovery has been complete.

## II. The Money Sought to be Collected by AllianceOne is Defined as "Debt" by the FDCPA

The FDCPA broadly defines debt as "any obligation…arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes…"   Plaintiff entered into a consensual contractual arrangement with E-ZPass to enable plaintiff to more easily and quickly access toll roads.  In Hansen v. Ticket Track, Inc., 280 F Supp. 1196. (W.D. Wash., 2003), a case which plaintiff discussed at length but AllianceOne did not reply to, the Court did not allow the debt collector to claim that it was not collecting a debt for purposes of avoiding liability under the FDCPA. The court reasoned that Ticket Track claimed to be collecting a debt initially and it

3

should not be allowed to change midstream the basis of its claims. The debt collector in Hansen gave all of the FDCPA required notices and was a self proclaimed debt collection agency. In our case, AllianceOne is a self proclaimed debt collection agency conceding that it was attempting to collect a debt and is therefore clearly required to abide by the FDCPA's strict regulations of debt collectors. AllianceOne should not now be heard to say that it wasn't collecting a "debt" for purposes of avoiding liability under the FDCPA.

AllianceOne's argument that paying for the use of toll roads is an obligation imposed by the state of New Jersey making it a non-consensual transaction is directly contradicted by AllianceOne's anchor case of Yazo v Law Enforcement Systems Inc. 2008 WL 4852965 (C.D. Cal., 2008) and AllianceOne's own interpretation of Yazo.

AllianceOne explains the reasoning in Yazo, as follows: "The Court reasoned that while a charge for the use of toll roads is typically a charge for a service, when a driver fails to pay the toll charge, the use of the toll road ceases to be a consensual transaction and is instead akin to theft." Consequently, AllianceOne admits that a toll charge is a charge for a service when it is done in a consensual manner. With respect to the theft argument, in essence, AllianceOne contends that if an item is stolen the obligation to pay for the stolen item is not debt as defined by the FDCPA. **But surely if an obligation to pay for services arose through the use of a credit card, and the credit card bill was subsequently not paid, that would be debt as defined by the FDCPA.** In our case, the E-ZPass account is identical to the use of a credit card, since the balance was a result of plaintiff's failure to pay his contractual E-ZPass balance.

In Beal v. Himmel & Bernstein, LLP, 615 F.Supp.2d 214, 216-17 (S.D.N.Y. 2009), a case cited by AllianceOne, the reason the judicially ordered sanction was not a "debt" as defined by the FDCPA was because it was not considered a consumer transaction. Yazo makes clear that

4

our case involves a consumer consensual transaction and does fall within the ambit of the FDCPA. In Yazo, the only reason that the toll portion of the debt was not considered consensual was because the plaintiff did not use a transponder and there was no E-Z Pass go-between (akin to a credit card go-between). In our case, plaintiff did use a transponder, and had a legal right to pass the toll with deferred payment thanks to his E-ZPass. Plaintiff in our case breached an underlying contract with E-ZPass to replenish the balance on his account and that is how the balance arose. In Yazo, the plaintiff never had a contract and was never extended credit; the toll road was simply passed without payment.

On Pg.4 of AllianceOne's reply, they assert "the debt was an obligation imposed upon him by the State of New Jersey."  All obligations to pay for goods and services are imposed by statutes, which mandate that they be paid for. AllianceOne's entire argument is based on the premise that the parties to the transaction were Plaintiff and the toll authority. But that premise is false. The parties to the transaction are Plaintiff and E-Z Pass. AllianceOne is not collecting a debt for the toll authority; they are collecting on behalf of E-Z Pass. **It is irrelevant that there is an "underlying" non payment for a toll, because if that were the determinative factor, then all "underlying" non-payment in any transaction in which consumer goods or services are purchased with credit, and subsequently not paid, would be considered nonconsensual**. AllianceOne would like this Court to simply do away with the FDCPA in its entirety, by twisting the definition of debt and muddying this very simple case which is no different than any other consensual transaction wherein a credit card or bank is not timely paid.

In Romea v. Heiberger & Assocs., 163 F.3d 111 (2nd Cir 1998), the Court made clear that the FDCPA even applies where the debt collector is attempting to collect a debt which arose after a contractual relationship had already been terminated, such as in the case of a holdover tenant.

5

The FDCPA all the more so applies in our case, because at the time plaintiff went through the tolls, there was an **existing** contractual relationship with E-Zpass.

Notwithstanding the above, which clearly shows the toll charges themselves are "debt" per the FDCPA, the outstanding balance also consisted of other non toll-charge fees including a transponder fee and an administrative fee which are even more clearly defined as "debt." The transponder is a consumer good which plaintiff obtained because he entered into a contract with E-ZPass. The transponder's function is to assist plaintiff in paying tolls more quickly and efficiently without having to provide exact change. The charges relating to the transponder were incurred because the contract provided that if the transponder is not returned in good condition plaintiff will be assessed a $21 fee. The $21 charge was not related in any way to the toll charges. For example, if the transponder was lost, plaintiff would be responsible to pay the $21 notwithstanding whether payment on the toll fee was made or not.

### III.   The Letter Violates The FDCPA in Three Instances Because it is False, Deceptive, or Misleading and "Overshadows" the Required Validation Notice.

AllianceOne's letter violates the FDCPA because of three separate and distinct portions of the letter.  **The Court need only find one violation to grant summary judgment for plaintiff.**

In the Second Circuit, "the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.' The purpose of the least sophisticated consumer standard....is to ensure that the statute protects the gullible as well as the shrewd." Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85 (2d Cir. 2008) A single violation of the Act is sufficient to subject a debt collector to liability under the Act. Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643   A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

6

A. **First Violation:  Police Monitoring Portion of Letter**

The letter from AllianceOne states in part:

"The New Jersey State Police routinely monitor roadways and have the technology to identify license plates associated with accounts that have excessive unpaid tolls and fees associated with them. In the event that your vehicle is pulled over you face the possibility of having it impounded."

This portion of the letter indicates that police use technology to monitor license plates associated with moving vehicles which owe money to E-ZPass, and solely for having a license plate associated with an account which owes money to E-ZPass, the police may pull over the vehicle and impound it. This is a false and deceptive statement in violation of Section 1692e which prohibits "any false, deceptive or misleading representation in connection with the collection of any debt."

In attempting to establish that the New Jersey State Police monitor license plates of moving vehicles associated with E-Zpass debt and are authorized to pull over and impound such vehicles with E-ZPass debt, AllianceOne cites N.J.S.A. §27:23-1 et seq., N.J.S.A. §27:23-34 et seq, N.J.S.A. §53:2-1 et seq.  The statutes are too voluminous to paste here, but **a careful and thorough review of those statutes reflect that the State Police have no such authority**. This frightening false and deceptive portion of the letter as a matter of law, violates Section 1692(e).

B. **Second Violation: The Credit Reporting Potion of Letter**

The collection letter states in part "All contacts and payments are to be made through this office to ensure proper posting and credit reporting". Because there is no credit reporting, this sentence is false and in violation of 1692(e). In Fainbrun v. Southwest Credit Sys., L.P., 246 F.R.D. 128 (E.D.N.Y. 2008), the Court held that since defendant had no intention or ability to report late or missed payments or any additional defaults to credit bureaus, a statement indicating that there was credit reporting, constituted a threat and false representation violative of 15 U.S.C.

7

§ 1692(e)(5) & (10).

AllianceOne proffers different bizarre explanations for this sentence. In their motion to dismiss they claim the sentence means all communications should be streamlined to AllianceOne in order to "keep the account intact." In their opposition to summary judgment they claim the sentence really means that "…defendant AllianceOne will report payment to the creditor so that they can reflect that there is no longer an outstanding debt." These sophisticated attempts to extract hidden meaning from a simple plain statement is patently absurd and only buttresses Plaintiff's claim that the statement was false and/or misleading. AllianceOne wants the Court to believe that the term "**credit reporting**", which denotes a very specific meaning, *really* means "reporting" to the original creditor that plaintiff's balance is paid! If that is what AllianceOne meant, why didn't they write that?

AllianceOne's reliance on Sebrow v. ER Solutions, Inc. 2009 WL 136026 (E.D.N.Y. 2009) and Madonna v. Academy Collection Serv., Inc., 1997 WL 530101 (D.Conn 1997) to support the contention that informing the consumer about credit reporting represents a "legally available option…when attempting to collect a debt" (P.6 defendant's reply) is incorrect. Here, **AllianceOne made an affirmative misrepresentation that there is credit reporting happening, when there was none**, as opposed to merely informing the consumer of a legally available option.  AllianceOne further stated that "it is irrelevant whether credit reporting is actually done or not." (P.6 defendant's reply). This brazen assertion is simply baffling. Making a statement that there is credit reporting, when there is no credit reporting, is directly relevant and specifically violates the statute because it is false.  AllianceOne's sophisticated attorneys are able to extract several meanings out of the words "credit reporting", but it is plainly obvious how the *least sophisticated consumer* would interpret it.

8

**C.      Third Violation:  Immediate Collection Efforts – Overshadowing Portion of Letter**

The letter does not adequately convey plaintiff's right to dispute the debt within 30 days per 15 U.S.C. § 1692g. Plaintiff is entitled to effective notification of his rights as a consumer. As a matter of law, these rights must be *effectively* conveyed to the consumer. Swanson v. Southern Oregon Credit Service. Inc., 869 F.2d 1222 (9th Cir. 1988). Even though AllianceOne's notice had the required statement, clear notification was lacking. Debt collectors may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude. Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323  (7th Cir. 2000)

The letter states that the account has been placed with AllianceOne for "immediate collection efforts". In Jenkins v. Union Corp. 999 F. Supp. 1120 (N.D. Ill. 1998), the Court equated the statement that an account has been assigned to the collection agency for "immediate collection," as efforts by the collection agency to extract immediate payment. The question taken from the perspective of the least sophisticated consumer, is whether language contained in the notice 'overshadowed' or contradicted the mandatory validation notice; if so, then the Act is violated. Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

AllianceOne's attempt to distinguish the holding in Jenkins fails because the letter, taken as a whole, **does** indicate that it is demanding immediate payment; AllianceOne's letter states: "It is imperative that these past due fees are *paid* to avoid incremental penalties or fees" and instructs "If remitting *payment*…" and then a sentence later "All contacts and *payments*…." Since the letter as a whole makes clear AllianceOne is trying to extract immediate payment, the letter "overshadows" or contradicts the consumer's right to request verification of the debt within

9

30 days. The letter not only is seeking plaintiff's immediate attention but also his immediate payment. How can one (let alone a least sophisticated consumer) make sense out of a letter which states that one has a right to dispute the debt within 30 days while also being required to remit immediate payment? Thus, this letter violates 1692g(b) as a matter of law because it contained a statement which was inconsistent with the consumer's right that within 30 days the consumer can dispute the debt.

## CONCLUSION

The plaintiff's cross motion for summary judgment should be granted and defendant's motion to dismiss denied because:

* Summary judgment is not premature where AllianceOne failed to allege by affidavit or otherwise any possible discovery it might need, nor any possible issue of fact that might exist.

* The EZ Pass balance consisting of three distinct items arising from plaintiff's contractual agreement with EZ Pass is "debt" as defined by the FDCPA.

* Only one FDCPA violation is sufficient for summary judgment, but AllianceOne's letter violates the FDCPA in three instances because it contains multiple falsehoods/deceptions, and demands immediate payment inconsistent with allowing the consumer to request verification of the debt within 30 days, absent any clear "transitional language."

For the reasons set forth above, plaintiff Shimshon Wexler respectfully requests that the Court enter: (a) an order denying defendant's motion to dismiss in its entirety; and (b) an order granting plaintiff's cross motion for summary judgment and awarding (i) statutory damages; (ii) attorney's fees, litigation expenses and costs of suit; (iii) Such other and further relief that the court deems proper.

Dated:  New York, New York
      April 20, 2010

Respectfully Submitted,

/s/ *Aaron Cohen*
AARON COHEN (AC0613)
THE COHEN LAW OFFICE, P.C.
Attorney for Plaintiff
300 E. 42nd Street, 10th Floor
New York, New York 10017
Telephone: (212)-537-6860
acohen@cohenlawpc.net

TO: Abrams Gorelick, Friedman & Jacobson, P.C.
Barry Jacobs, Esq.
Attorneys for Defendant
One Battery Park Plaza – 4th Floor
New York, New York 10004
(212)-422-1200

11